**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RADIAL POWER, L.L.C.,**
**RP GB STILLWATER LLC,**
**RP GB MUNICIPAL ROAD LLC, and**
**RP GB WALNUTPORT LLC,**

Plaintiffs,

-against-

**SCALE DEVELOPMENT HOLDINGS, LLC,**

Defendant.

Case No. 1:26-cv-8320

**COMPLAINT**

## PRELIMINARY STATEMENT

1. Scale Development Holdings, LLC ("Scale") owes Plaintiffs more than $1.15 million under the June 13, 2025 Membership Interest Purchase Agreement (the "MIPA"). Through the MIPA, Scale purchased membership interests in four Plaintiff-affiliated companies, each of which owns a Pennsylvania solar energy project. Scale has refused to pay the balance due for the Stillwater 1 Project after it achieved Commercial Operation, even though the MIPA required payment within three business days of that milestone.

2. Scale says it withheld payment because Stillwater 1 did not qualify for the Energy Community Adder, a federal Investment Tax Credit bonus available for qualifying projects (the "EC Adder"). But the MIPA addressed this risk in Schedule 1(a), "Purchase Price Adjusters." Specifically, if the EC Adder was unavailable, Schedule 1(a) permitted Scale to reduce the purchase price by $0.15 per watt <u>at closing</u>. Schedule 1(a) provided no corresponding Commercial Operation Date adjustment. Scale closed without applying any EC Adder adjustment.

3. After closing, Scale first asserted the EC Adder issue as a purchase-price adjustment. When Radial explained that the MIPA provides no Commercial Operation Date-stage EC Adder adjustment, Scale changed theories and recast the same dispute as an indemnification claim under Section 4.7 of the MIPA. Scale then used that repackaged theory to withhold $1,158,807.56 from the Commercial Operation Date Payment owed for Stillwater 1.

4. Plaintiffs bring this action to enforce the MIPA as written and recover the unpaid balance Scale was required to pay once Stillwater 1 achieved Commercial Operation.

## THE PARTIES

5. Plaintiff Radial Power, L.L.C. is a limited liability company organized and existing under the laws of the State of Delaware, with its principal offices located at 423 W. 55th Street, 7th Floor, New York, New York 10019. Radial is a party to the MIPA for purposes of Article VI, which contains the MIPA's indemnification provisions.

6. Plaintiff RP GB Stillwater LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal offices located at 423 W. 55th Street, 7th Floor, New York, New York 10019. RP GB Stillwater LLC is a Seller under the MIPA.

7. Plaintiff RP GB Municipal Road LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal offices located at 423 W. 55th Street, 7th Floor, New York, New York 10019. RP GB Municipal Road LLC is a Seller under the MIPA.

8. Plaintiff RP GB Walnutport LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal offices located at 423 W. 55th Street, 7th Floor, New York, New York 10019. RP GB Walnutport LLC is a Seller under the MIPA.

9. Defendant Scale Development Holdings, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal offices located c/o Scale Microgrid Solutions Operating, LLC, 51-53 South Broad Street, Ridgewood, New Jersey 07450.

10. Scale operates through its affiliate Scale Microgrid Solutions. Scale is the Buyer under the MIPA.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Complete diversity of citizenship exists. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. Upon information and belief, the members of each Plaintiff entity are citizens of New York and/or Delaware, and no member of any Plaintiff entity is a citizen of New Jersey. Upon information and belief, the members of Defendant Scale Development Holdings, LLC are citizens of New Jersey and/or states other than New York or Delaware. Thus, no Plaintiff shares citizenship with Defendant.

13. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in this District. Pursuant to Section 9.3(b) of the MIPA, the parties irrevocably consented to jurisdiction and venue in a United States District Court located in the State of New York where federal jurisdiction exists. Moreover, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District,

including the negotiation and execution of the MIPA in connection with Plaintiffs' principal offices in New York County.

15. Under Section 9.3(a) of the MIPA, the MIPA and all claims arising thereunder are governed by the laws of the State of New York, including Section 5-1401 of the New York General Obligations Law, without regard to the conflict of laws principles thereof.

## FACTUAL BACKGROUND

### A. The Parties Negotiated a Purchase-Price Adjustment Framework That Addressed the EC Adder

16. On June 13, 2025, the Sellers and Scale entered the MIPA, and Radial joined the MIPA for purposes of Article VI. Under the MIPA, Scale agreed to purchase all of the outstanding membership interests in four project companies (the "ProjectCos"), each of which owns a solar energy project located in Pennsylvania (collectively, the "Projects").

17. The transaction closed on June 13, 2025. A true and correct copy of the MIPA is attached hereto as Exhibit A and is incorporated herein by reference.

18. The aggregate purchase price for the membership interests in all four ProjectCos was approximately $19.1 million (the "Purchase Price"), payable in two installments: under Section 2.2(a), on the Closing Date, Scale was required to pay 50% of the Purchase Price for each ProjectCo (the "Closing Date Payment"); and under Section 2.2(b), within 3 Business Days after the Commercial Operation Date for each ProjectCo, Scale was required to pay the remaining 50% of the Purchase Price for that ProjectCo (the "COD Payment").

19. The MIPA was negotiated by sophisticated commercial parties with the assistance of legal, tax, and technical advisors. The parties specifically addressed the EC Adder in Schedule 1(a), which provided for a $0.15 per watt reduction to the Purchase Price at closing if the EC Adder

was unavailable, while listing "None" as the corresponding Commercial Operation Date-stage adjustment.

20. Before closing, Scale was aware of uncertainty relating to the EC Adder. Approximately five weeks before closing, on or about May 8, 2025, Scale's representative stated that it was "good to hear that Stillwater should qualify as a 40% ITC," while also identifying safe-harbor and prevailing-wage-and-apprenticeship documentation issues. Scale nevertheless closed the transaction on June 13, 2025 without applying the Schedule 1(a) adjustment.

**B. Stillwater 1 Achieves Commercial Operation**

21. After closing, the Projects continued to be developed and constructed toward Commercial Operation in accordance with the MIPA's requirements. Scale paid the COD Payments for the Walnutport and Municipal Road Projects in full and without dispute.

22. On July 31, 2026, Stillwater 1 achieved Commercial Operation. Pursuant to Section 2.2(b) of the MIPA, the COD Payment for Stillwater 1, in the amount of $1,826,796, became due and payable within three Business Days—i.e., on or before August 5, 2026.

23. The Sellers performed all obligations necessary to trigger Scale's obligation to make the Stillwater 1 COD Payment. Following Commercial Operation, Stillwater 1 generated electricity for Scale's benefit.

**C. Scale Refuses to Pay the Full COD Payment**

24. On August 5, 2026, Scale made only a partial payment of $667,988.44 toward the Stillwater 1 COD Payment, leaving $1,158,807.56 unpaid (the "Unpaid Amount").

25. Scale purported to withhold the Unpaid Amount based on a "Direct Claim" under Section 6.5(c) of the MIPA. Specifically, Scale asserted that Radial breached Section 4.7, which addresses written information and data-room materials provided by or on behalf of the Sellers and

their affiliates to Scale, based on Radial's alleged diligence-stage confirmation that Stillwater 1 qualified for the EC Adder through the procurement of JA Solar modules.

26. According to Scale, the cost of those modules did not satisfy the 5% threshold that Scale contended was required for the IRS beginning-of-construction safe harbor, rendering the EC Adder unavailable. Scale claimed a loss of $1,158,400.16 in tax equity proceeds and, invoking the setoff provision in Section 9.14 of the MIPA, withheld that amount from the COD Payment. Plaintiffs dispute both Scale's asserted Direct Claim and its withholding of the Unpaid Amount.

**D. Scale's Correspondence Confirms the EC Adder Dispute Is Governed by the Contract's Purchase-Price Adjustment Provisions**

27. Scale initially treated the EC Adder issue as a purchase-price adjustment issue, not an indemnification claim. On March 24, 2026, Scale's Legal Director, Max Braun, emailed Radial's representatives—Diana Garcia, Diego Martinez Gomez, Jeff Keeler, and Hector De La Garza Fernandez—with the subject "Scale-Radial - Stillwater BOC Date." Braun stated that "the Stillwater project does not qualify for the federal ITC energy community adder" and asked Radial to "discuss the resulting purchase price adjustment under the MIPA that is caused by the loss of the EC adder." Braun did not reference indemnification, Section 4.7, or any alleged representation breach.

28. On March 25, 2026, Radial's representative Diego Martinez Gomez responded that, "under the MIPA, the transaction was structured such that there are no purchase price adjustments at COD in connection with ITC or energy community qualification," and that Radial did "not believe a purchase price adjustment is applicable here."

29. On April 8, 2026, Radial's Chief Legal Officer, Jeff Keeler, responded to Scale and stated Radial's position that the MIPA allocated the EC Adder issue through the purchase-price adjustment provisions rather than indemnification.

30. On June 4, 2026, Scale changed course and asserted that the EC Adder issue constituted a breach of the representation in Section 4.7 of the MIPA. In an email from Braun to Radial, Scale asserted a "formal notice of a Direct Claim pursuant to Sections 6.5(c) and 9.4 of the MIPA," alleging a loss of "$1,158,400.16 of tax equity proceeds."

31. On June 25, 2026, Radial responded to Scale's purported Direct Claim, disputed the alleged amount, and expressly reserved all rights to investigate or reject the claim pursuant to Section 6.5(c) of the MIPA. Radial stated that it did "not concede breach, reliance, causation or damages," and rejected Scale's proposed withholding.

32. Scale nevertheless refused to pay the full Stillwater 1 COD Payment when due. Scale has not paid the Unpaid Amount despite Plaintiffs' demands.

33. Plaintiffs dispute Scale's asserted Direct Claim and deny that Scale had any contractual basis to withhold the Unpaid Amount. The MIPA specifically addressed EC Adder unavailability through Schedule 1(a)'s purchase-price adjustment at the MIPA Signing/Closing Payment stage, which Scale did not apply, and provided no COD-stage adjustment for the EC Adder. Scale has no indemnity entitlement that excuses its failure to pay the COD Payment due for Stillwater 1.

**E. Section 9.14 Does Not Excuse Scale's Failure to Pay**

34. Scale has invoked Section 9.14 of the MIPA as its basis for withholding the Unpaid Amount. Section 9.14 does not permit Scale to withhold the Unpaid Amount based on the EC Adder theory asserted in its purported Direct Claim.

35. Section 9.14 does not create an independent right to reduce the Purchase Price or expand the indemnification rights provided in Article VI. It permits withholding only for indemnity claims available under the MIPA. Scale's EC Adder theory is not such a claim because

it seeks the same Commercial Operation Date-stage adjustment that Schedule 1(a) does not provide.

36. The parties specifically addressed EC Adder unavailability in Schedule 1(a). For the Energy Community ITC category, Schedule 1(a) provided a negotiated purchase-price reduction at the "MIPA Signing/Closing Payment" stage if the 10% Energy Community Bonus ITC adder was unavailable while listing "None" as the adjustment at the Commercial Operation Date stage. Scale closed without any EC Adder reduction under Schedule 1(a).

37. Scale cannot use Section 9.14 to obtain through indemnification or setoff a Commercial Operation Date-stage adjustment for the same EC Adder issue the parties addressed—and limited—in Schedule 1(a).

38. Scale framed the issue that way before asserting indemnification: it first asked Radial to discuss a purchase-price adjustment, then later recast the same issue as a Direct Claim.

## FIRST CAUSE OF ACTION
**Breach of Contract**

39. Plaintiffs incorporate Paragraphs 1 through 37 of the foregoing as if fully set forth herein.

40. The MIPA is a valid and enforceable agreement among the Sellers and Scale, and Radial is a party to the MIPA for purposes of Article VI.

41. The Sellers performed, or substantially performed, all obligations and satisfied all conditions necessary to trigger Scale's obligation to make the Stillwater 1 COD Payment, including the sale and transfer to Scale of the membership interests in the ProjectCos and the achievement of Commercial Operation for Stillwater 1.

42. Section 2.2(b) of the MIPA required Scale to pay the COD Payment for Stillwater 1 in the amount of $1,826,796 within three Business Days after the Commercial Operation Date of July 31, 2026—i.e., on or before August 5, 2026.

43. Scale breached the MIPA by failing and refusing to pay the full COD Payment for Stillwater 1. On August 5, 2026, Scale paid only $667,988.44, leaving $1,158,807.56 unpaid.

44. Scale was not entitled to withhold the Unpaid Amount under Section 9.14 or otherwise. The MIPA addressed EC Adder unavailability through Schedule 1(a), which provided no Commercial Operation Date-stage adjustment for the EC Adder, and Section 9.14 did not permit Scale to override that allocation or avoid its obligation under Section 2.2(b).

45. As a direct and proximate result of Scale's breach, Plaintiffs have been damaged in an amount not less than $1,158,807.56, plus prejudgment interest accruing from August 5, 2026, costs, disbursements, and attorneys' fees to the extent recoverable under the MIPA and applicable law.

## SECOND CAUSE OF ACTION
**Declaratory Judgment**

46. Plaintiffs incorporate Paragraphs 1 through 44 as if fully set forth herein.

47. An actual controversy exists between Plaintiffs and Scale concerning Scale's asserted Direct Claim and its claimed right to withhold the Unpaid Amount under Sections 6.5(c), 9.4, and 9.14 of the MIPA.

48. Scale contends that its EC Adder theory gives rise to an indemnifiable Loss and permits Scale to withhold $1,158,807.56 from the Stillwater 1 COD Payment.

49. Plaintiffs dispute Scale's asserted Direct Claim. The MIPA addressed EC Adder unavailability through Schedule 1(a)'s purchase-price adjustment at the MIPA Signing/Closing Payment stage, and it provided no Commercial Operation Date-stage adjustment for the EC Adder.

50. Plaintiffs are entitled to a declaration that Scale has no indemnification entitlement against Plaintiffs based on the EC Adder theory alleged in its Direct Claim and no contractual right under Section 9.14 to withhold the Unpaid Amount from the Stillwater 1 COD Payment on that basis.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor and against Scale as follows:

(a) awarding Plaintiffs compensatory damages in the amount of $1,158,807.56, plus prejudgment interest from August 5, 2026 at the statutory rate, costs, disbursements, and attorneys' fees to the extent recoverable under the MIPA and applicable law;

(b) declaring that Scale has no indemnification entitlement against Plaintiffs based on the EC Adder theory alleged in its Direct Claim and no contractual right under Section 9.14 to withhold the Unpaid Amount from the Stillwater 1 COD Payment on that basis;

(c) awarding Plaintiffs post judgment interest as provided by law; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 23, 2026

Respectfully submitted,

**WIGGIN AND DANA LLP**

By: ______________________________

Michael L. Kenny Jr.
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 551-2600
(212) 551-2888 (fax)
mkenny@wiggin.com

*Counsel for Plaintiffs*
*Radial Power, L.L.C., RP GB Stillwater LLC, RP GB Municipal Road LLC, and RP GB Walnutport LLC*